Marcial Suárez Suárez, recurrente, *v.* El Registrador de la Propiedad de San Juan, Sección Segunda, recurrido.

Núm. 975.—*Sometido:* Julio 1, 1936. *Resuelto:* Agosto 1, 1936.

*Juan Enrique Géigel y Guillermo Silva,* abogados del recurrente; el registrador recurrido no compareció.

El Juez Asociado Señor Travieso, emitió la opinión del tribunal.

En junio de 1936 Marcial Suárez solicitó del Registrador de la Propiedad de San Juan que cancelara un gravamen creado por una sentencia de enero 24, 1930, la cual se anotó en el Registro el 14 de marzo de 1931. El registrador de la propiedad denegó esta solicitud, basándose en que el período de cinco años prescrito por una ley aprobada en marzo 8, 1906, había sido interrumpido por una anotación fechada el 28 de febrero de 1935, relativa a una liquidación efectuada por las partes en la que se fijaba el capital adeudado, sus intereses, costas, gastos y honorarios de abogado, cual consta del certificado expedido en la misma fecha por el secretario de la Corte de Distrito de San Juan en el pleito núm. 10,126.

 La sección 1 de una ley aprobada en octubre 29, 1923 (Leyes de 1923, Sesión extraordinaria, pág. 37) lee en parte como sigue:

"Sección 1.—Los registradores de la propiedad a instancia escrita de parte o de su representante, autenticada ante notario, procederán a cancelar en el respectivo registro:

"

"(d) Los gravámenes por razón de sentencias que tengan más de cinco años de constituídas en el registro, si este lapso de tiempo no fuere prorrogado por orden de la corte competente, sin que en caso alguno esta prórroga pueda exceder de cinco años."

La sección de una ley titulada "Ley proveyendo la forma de establecer gravámenes sobre inmuebles por sentencias y derogando todas las leyes que a la presente se opusieren," aprobada en marzo 8, 1906, en la cual descansa el registrador, y que aparece en la página 95 del Código de Enjuiciamiento Civil (Ed. 1933) simplemente dispone que:

"Establecido que fuere el gravamen, según lo prescrito en la presente, continuará en vigor por el término de cinco años desde la fecha de la susodicha inscripción en el registro." (Sec. 8, Comp. 5225.)

Una copia certificada de la liquidación mencionada por el registrador lee así:

"LIQUIDACIÓN DE SENTENCIA.—A la Honorable Corte: Las partes en el caso de epígrafe por conducto de sus abogados respectivos, y de acuerdo con la sentencia recaída en el mismo de fecha enero 24 de 1930, de común acuerdo liquidan el importe total de dicha sentencia en la siguiente forma:

| | |
|---|---:|
| "Principal _____ | $3,000.00 |
| "Intereses devengados desde julio 27, 1928, a julio 27 de 1929, al 1% mensual_____ | 360.00 |
| "Intereses desde julio 27 de 1929 hasta hoy_____ | 330.00 |
| "Costas en secretaría_____ | 10.00 |
| "Costas en la oficina del Márshal, incluyendo emplazamiento, millaje y embargo_____ | 30.00 |
| "Honorarios de abogado de la demandante_____ | 200.00 |
| | $3,930.00 |

"Tal es la liquidación, que de común acuerdo hemos hecho y aprobado, de la sentencia recaída en este caso de acuerdo con los términos de la misma, y radicada en los autos del pleito.

"San Juan, P. R., a 27 de junio de 1930.

"(Fdo.) Luis Janer
"Abogado de la demandante.
"(Fdo.) Cay. Coll Cuchí
"Abogado de los demandados."

Este documento, en copia certificada por el secretario de la corte de distrito en fecha 28 de febrero de 1935, fué presentado al registro en esa misma fecha por el representante del recurrente. El registrador hizo la correspondiente anotación en el registro y al pie del documento puso una nota que dice: "Anotada la liquidación y aprobación del importe de la sentencia a que se refiere el precedente documento, etc."

El representante de Suárez declara que él presentó al registrador, en febrero 28 de 1935, la certificación de la liquidación de sentencia, expedida en esa misma fecha por el secretario de la corte de distrito, con el objeto de que se cancelase la anotación de la sentencia.

No podemos comprender las razones que pudiera tener el presentante de la llamada "liquidación de sentencia" para esperar que el registrador cancelase la anotación de la sentencia con la sola vista de tal documento. No aparece de dicho documento constancia alguna de que la sentencia hubiera sido satisfecha; y el registrador no podía cancelar la anotación sin que se le presentase prueba satisfactoria de haberse pagado la sentencia o el consentimiento de la acreedora para que se cancelase.

Tampoco podía el registrador, en febrero 8 de 1935, cancelar la anotación de la sentencia, a instancia del deudor, de acuerdo con las leyes arriba citadas, porque para esa fecha no habían transcurrido aún los cinco años desde la fecha en que se constituyó el gravamen en el registro.

Pudiera ser que la liquidación de sentencia se hubiese presentado con el propósito indicado por el representante

de Suárez, pero lo cierto es que el registrador estimó que el propósito de la presentación era el de revivir el gravamen, por una estipulación entre las patres, y así lo hizo constar en el registro, creando de ese modo un nuevo derecho a favor de la acreedora por sentencia.

Es cierto que el inciso (*d*) de la sección 1 de la ley de octubre 29, 1923, supra, provee que el registrador procederá a cancelar el gravamen por razón de sentencia cuando tenga más de cinco años de constituído en el registro, *si este lapso de tiempo no fuere prorrogado por orden de la corte competente.* Pero entendemos que ese remedio no es exclusivo. Y no vemos objeción alguna para que no pueda prorrogarse legalmente la vida de un gravamen por sentencia, mediante una estipulación a ese efecto celebrada entre el acreedor y el deudor.

Si la sentencia fué realmente satisfecha en virtud de la liquidación que se hizo en 27 de junio de 1930, al recurrente le debe ser fácil corroborar ese hecho mediante prueba del pago efectuado.

La señora Ramona Muñoz Vda. de Alonso, en favor de quien se dictó la sentencia que se trata de cancelar, no ha sido notificada ni oída en este procedimiento. No consideraríamos a dicha señora parte necesaria, si la única constancia del registro fuese la anotación de la sentencia practicada en marzo 14 de 1931, pero el estado del registro nos impide autorizar una cancelación sin que dicha señora sea oída.

*Visto el estado del registro y no habiendo sido oída la parte que puede ser perjudicada por la cancelación solicitada, nos vemos obligados a sostener la nota denegatoria del registrador.*

El Juez Asociado Señor Hutchison disintió.*

El Juez Asociado Señor Córdova Dávila no intervino.

---

* NOTA: Véase el prefacio.